CVB JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RACHEL A. ROBINSON,<br><br>　　　　　Defendant. | No. CR22-5047-CVB<br><br>DEFENSE TRIAL BRIEF |

## I.　STATEMENT OF THE CASE

Rachel Robinson is charged by single-count Information with abandonment of a dependent person in the third degree, in violation of 18 U.S.C. §§ 7 and 13, and RCW § 9A.42.080. This offense is alleged to have occurred on August 21, 2021.

Ms. Robinson maintains her not-guilty plea. Trial is set for August 22, 2022.

Ms. Robinson now lives in Texas, having moved there with her husband after he was medically separated from the Army. The two are barely getting by financially and do not have the means for Ms. Robinson to travel back to Washington for trial. The defense intends to file a motion requesting necessary travel-related expenses.

## II.　THE OFFENSE

### A.　The Allegations

Based upon discovery, the government will allege that Ms. Robinson and her husband left their four-year-old son at home alone for approximately one hour while they went to purchase food to feed the family. Discovery reflects that the Robinsons anticipated that a friend would arrive at their home minutes after they left to care for

DEFENSE TRIAL BRIEF
(*United States v. Robinson*, CR22-5047-CVB) - 1

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

their son while they were away but that the friend cancelled after they had left. It further alleges that a neighbor called law enforcement after finding the Robinsons' son outside and that the Robinsons returned home after being phoned by military police.

Mr. Robinson was not charged with any offense in connection with the alleged incident. The government chose to charge Ms. Robinson alone.

**B.   Offense Elements**

Under RCW § 9A.42.080, a person is guilty of the crime of abandonment of a dependent person in the third degree if:

(a) The person is the parent of a child . . .

(b) The person recklessly abandons the child or other dependent person; and:

    i.    As a result of being abandoned, the child or other dependent person suffers bodily harm; or

    ii.    Abandoning the child or other dependent person creates an *imminent* and *substantial* risk that the child or other person will suffer *substantial* bodily harm (emphasis added).

"Abandons" is defined as: "leaving a child or other dependent person without the means or ability to obtain one or more of the basic necessities of life." RCW § 9A.42.010(a). "Basic necessities of life" is defined as: "food, water, shelter, clothing, and medically necessary health care, including but not limited to health-related treatment or activities, hygiene, oxygen, and medication." RCW § 9A.42.010(a).

In addition to proving beyond a reasonable doubt that a person recklessly "abandoned" their child, the government has to prove one result-focused outcome of that reckless abandonment. See RCW § 9A.42.080(b)(i)–(ii) (reproduced above). The government does not allege that Ms. Robinson's son suffered bodily harm, either in the Information, dkt. 3, or discovery. Thus, the government must rely on subsection (b)(ii) at trial.

DEFENSE TRIAL BRIEF
(*United States v. Robinson*, CR22-5047-CVB) - 2

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

### C. Imminent and Substantial Risk of *Substantial* Bodily Harm Is Required.

To convict Ms. Robinson of abandonment of a dependent person in the third degree in reliance on subsection (b)(ii), proof of imminent and substantial risk of "bodily harm" is insufficient—the statute requires "substantial bodily harm," as outlined above. This bears emphasis because the government lists only "bodily harm" in the information. This is insufficient to convict.

Substantial bodily harm is defined as: "bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily part or organ, or which causes a fracture of any bodily part[.]" RCW § 9A.04.110(4)(b). Any injury is insufficient, as is any risk. The statute creates a much higher standard.

## III. MOTIONS AND OBJECTIONS

### A. Motion to Exclude Evidence of Other Acts under Fed. R. Evid. 404(b)

The Court should exclude references to any crimes or bad acts for which Ms. Robinson is not on trial. Prior bad acts under Federal Rule of Evidence 404(b) are admissible only for limited purposes and not to prove the character or propensity of an accused person to commit crimes. *See United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985).

As the Court knows, Rule 404(b) prohibits the introduction of evidence of other bad acts except to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." "The use of evidence pursuant to this Rule must be narrowly circumscribed and limited and may not be introduced unless the government establishes its relevance to an actual issue in the case." *United States v. Garcia-Orozco*, 997 F.2d 1302, 1304 (9th Cir. 1993) (internal quotations omitted).

The Ninth Circuit has established a four-part test for the application of Rule 404(b). Under that test, evidence of other misconduct may only be admitted if: (1) the

DEFENSE TRIAL BRIEF
(*United States v. Robinson*, CR22-5047-CVB) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

evidence tends to prove a material fact at issue in the instant case; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) in cases where knowledge and intent are at issue, the prior act is similar to the offense charged. *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994) (citing *Garcia-Orozco*, 997 F.2d at 1304). Applying that four-part test, the *Mayans* Court stated:

> [E]xtrinsic acts evidence is not looked upon with favor.  We have stated that our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is. Thus, guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrong doing.

*Mayans*, 17 F.3d at 1181 (quoting *United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993)).

Moreover, any probative value of this evidence may be outweighed by its danger of unfair prejudice. Fed. R. Evid. 403. The Ninth Circuit has specifically incorporated Rule 403's balancing test into the Rule 404(b) relevancy inquiry. *United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir. 1989). The United States Supreme Court has also emphasized the importance of Rule 403 analysis in screening Rule 404(b) evidence. *Huddleston v. United States*, 485 U.S. 681, 691 (1988).

The government has not provided specific notice of particular Rule 404(b) facts it intends to offer. Accordingly, the defense objects to any notice at this late date.

**B.     Statements by Ms. Robinson**

Pursuant to Federal Rule of Criminal Procedure 16, Ms. Robinson requests notice and production of any written or oral statements made by her which the government intends to introduce at trial. The defense objects to the introduction of any statements for which notice has not been given. Additionally, if the government intends

DEFENSE TRIAL BRIEF
(*United States v. Robinson*, CR22-5047-CVB) - 4

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

to introduce statements by Ms. Robinson, the defense requests a hearing out of the presence of the jury pursuant to 18 U.S.C. § 3501.

### C. Motion for Attorney-Conducted Voir Dire

The defense requests that the Court exercise its discretion to grant at least twenty minutes of attorney-conducted voir dire to the defense and to the government, if either so desires, following the Court's own voir dire.

Voir dire questioning is important in obtaining a fair and impartial jury. *Swain v. Alabama*, 380 U.S. 202, 218–20 (1965). Courts have recognized "that voir dire examination not conducted by counsel has little meaning." *United Stated v. Corey*, 625 F.2d 704, 707 (5th Cir. 1980). General questions to the jury have been recognized as ineffective in revealing bias and prejudices of potential jurors. *United States v. Shavers*, 615 F.2d 266, 268 (5th Cir. 1980). Counsel for both sides are intimately familiar with the facts of the case and are in the best position to elicit from the potential jurors sufficient information to uncover any latent bias or prejudice. For these reasons, it is requested that the Court exercise its discretion to grant a brief but adequate period of attorney-conducted voir dire.

Additionally, the defense requests that the questions submitted in its proposed jury voir dire be asked of the prospective jurors.

### D. Exclusion of Witnesses

Pursuant to Federal Rule of Evidence 615, Ms. Robinson requests that the Court order all potential government witnesses excluded from the courtroom during all portions of the trial, except as such witnesses are called to the witness stand to testify.

## IV. DEFENSE WITNESSES AND EXHIBITS

### A. Witnesses

Ms. Robinson may testify in her own defense. In addition to Ms. Robinson, the defense may call the following persons as witnesses:

DEFENSE TRIAL BRIEF
(*United States v. Robinson*, CR22-5047-CVB) - 5

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

1. William Paul Robinson, III

2. Debora Malcolm, Federal Public Defender Investigator

**B.     Exhibits**

The defense does not anticipate any defense exhibits at this time. Should the defense generate exhibits through further work on this case, it will promptly update this filing.

DATED this 15th day of August 2022.

        Respectfully submitted,

        s/ *Vanessa Pai-Thompson*
        Assistant Federal Public Defender
        Attorney for Rachel Robinson

DEFENSE TRIAL BRIEF
(*United States v. Robinson*, CR22-5047-CVB) - 6

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100